77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur H. MODDERMAN and Joan M. Anderson, Plaintiffs-Appellants,
v.
Doug DEMAW, et al., Defendants-Appellees.
 No. 95-1424.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1996.
 
 1
 Before: MERRITT, Chief Judge, BOGGS, Circuit Judge, GILMORE, District Judge.*
 
 ORDER
 
 2
 Plaintiffs, Arthur H. Modderman and Joan M. Anderson, pro se Michigan citizens, appeal a district court order granting summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. Named as the defendants are the Lake County Commissioners, employees of the Lake County Sheriff's Department, and officials of Sauble Township. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiffs formerly owned and resided in a house on Lot 32, Timber Shore Estates, in Sauble Township, Lake County, Michigan. At some time prior to July 26, 1993, ownership of this property was acquired by the State of Michigan due to the plaintiffs' failure to pay taxes owed. On July 26, 1993, Sauble Township acquired legal title to this property. On October 25, 1993, Sauble Township obtained a default judgment ruling that the Township had a right to possess the property. The judgment also advised the plaintiffs that they would be evicted by writ of restitution unless they moved by November 5, 1993. The plaintiffs did not comply and, on November 16, 1993, a writ of restitution issued ordering removal of the occupants and restoration of possession of the property to Sauble Township. The plaintiffs, however, continued to live in the residence.
 
 
 4
 On January 21, 1994, the plaintiffs returned from a shopping trip and were confronted by two Lake County law enforcement officers, Detective Chamberlain and Deputy Kuhlman. The plaintiffs were informed that they were being arrested for outstanding traffic violations. There is no dispute as to the existence of valid bench warrants for the arrest of both plaintiffs. Subsequently, unidentified law enforcement officers of Sauble Township searched the property, removed the plaintiffs' possessions, and placed them in a secure storage facility at Township expense.
 
 
 5
 The substantive bases of the plaintiffs' § 1983 claim are their allegations that the Sauble Township defendant "deprived Modderman and Anderson of rights secured to them by the Constitution for [sic] the United States, including but not limited to the reasonable expectation of their 1st Amendment right to redress of grievances, their 4th Amendment right to be free from unlawful arrest and seizure of their persons, and the 5th Amendment and 14th Amendment [rights] to due process of law both procedural and substantive."
 
 
 6
 In a memorandum opinion and order filed March 24, 1995, the district court granted summary judgment in favor of all defendants. Reconsideration was denied in an order filed April 20, 1995.
 
 
 7
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation